## 11753

### CITY OF COLUMBIA v. SHAW

#### (127 S. E., 722)

1. Municipal Corporations—Ordinance Requiring Sewer Connection Held Not Limited to Houses Abutting on Street Where Main is. —Ordinance requiring owners of premises on line of city sewers to make connection therewith *held* not limited in operation to houses facing or·immediately abutting on street on which sewer main is.

2. Municipl Corporations—Ordinance Requiring Connection With Sewer Not Unreasonable Because of Distance From Main and Expense.—Ordinance requiring connections with city sewers *held* not unreasonable because requiring connection of property some distance from main at considerable expense.

3. Municipal Corporations—City's Failure to Place Sewer Main in Alley, on Which House of Property Owner, Required to Connect With Street Sewer, Faced, Not Abuse of Discretion.—City's failure to place sewer main in alley, on which house of property owner, required to connect with sewer in abutting street, faced *held* not abuse of discretion.

4. Constitutional Law—Ordinance Not Providing for Hearing of Property Owner Required to Make Connection With Sewer Held Not Violative of Due Process Clause.—Ordinance not providing for hearing by Board of Health of property owner notified to connect with sewer, as required thereby, *held* not violative of Const. Art. 1, § 5, as denying due process.

Before Bonham, J., Richland, May, 1924.   Affirmed.

Action by the City of Columbia against Bessie G. Shaw for the violation of Sec. 287, Rev. Ord., 1920.   From a conviction by the Recorder, the defendant appealed to the Circuit Court, which affirmed the conviction, from which defendant appeals.

The following is the order of the Board of Health, on failure to comply with which defendant was tried, and judgment of Circuit Court on which Supreme Court bases its decision:

ORDER OF BOARD OF HEALTH

Columbia, S. C., 3/22/1923.

Mrs. Bessie G. Shaw,
Columbia, S. C.

Dear Madam:

You are hereby directed to install on your premises, Graham's alley, sanitary closets, kitchen sinks, slop hoppers and connect same with city sewer. Also demolish or dismantle surface closets. This work must be completed within 15 days from date.

By order of the Board of Health.

T. P. Norton, Sanitary Inspector.

Attest:

J. B. La Borde, M.D., Health Officer.

### JUDGMENT

The questions urged in argument of this appeal are:

1. That the Section 287 of the Ordinance of the City of Columbia, under which the defendant—appellant—was convicted, does not apply, for the reason that the property ordered to be connected with the sewerage system is not on the "line" of any street upon which there is a sewer main. Section 287 provides: "All owners of premises on the line of the city sanitary sewers in the city of Columbia are required to make connection with said sewers for the use of the occupants of said premises in all cases where such connection shall be deemed necessary by the City Board of Health, etc.,,

The evidence shows that this property of the defendant, Mrs. Shaw, faces on Graham's alley; that is to say, the property which defendant is ordered to connect with the sewer main, but it is a part of her property which extends entirely through the square and which faces on College, Gates, Main, and Green Streets, on all of which streets there are sewer mains. The square is 417 feet through. The answer to this question turns upon the construction of this provision of the ordinance, to wit: "All owners of property on the line of the city sanitary sewers, etc." Do the words "on the line of the city sanitary sewers" mean that the houses to be connected up must face on, or immediately abut the street upon which the sewer main is? It appears to

me that that construction is too narrow a one. If a person owns a long lot with a narrow front in the street, any houses he may erect on the rear of his premises would, under this construction, be exempt from the ordinance. I do not think that construction is a reasonable one.

2. It is argued that the ordinance is an unreasonable one, because it requires the property owner to connect with sewers at too great a distance and too great expense. It is an incident of the ownership of property that the owner must bear a fair proportion of expense of government and contribute to the maintenance of the health and good order of the community. He is in no worse plight than other owners of property similarly situated.

There can be no question of the power of the city to regulate hygienic and health conditions within the city limits. It is equally well established that surface closets are a menace to the public health. I do not think it is an unreasonable exercise of municipal power to require the owner of this property involved in this case to connect with the sewers established on the streets surrounding the property. It is urged that the city should install a sewer main in Graham's alley and proof is offered that this is a public alley. It seems clear from the evidence that the public has acquired by prescription a right to use the alley for transportation purposes, but there is no proof that it has ever been conveyed to or accepted by the city. It is not an abuse of the exercise of its discretion by the city to place its sewer mains in the streets surrounding this property, and in failing to put one in Graham's alley.

3. It is urged that the ordinance in question is null and void, because it violates the provisions of Article 1 of Section 5 of the Constitution of 1895, because that it is a taking of property without due process of law for the reason that there is no provision contained in the ordinance for a hearing by the Board of Health of the protest of a property owner who has been notified to con-

nect. Appellant contends that when a property owner is notified by the Board of Health to connect up his property, he should be heard by the Board of Health before he is summoned before the city court to answer a charge of violating the ordinance, and that the ordinance does not provide for such hearing. The contention is without merit. It does not appear that the appellant ever asked for a hearing by the Board of Health when she was required to answer before the city court for failure to obey the order of the Board of Health. She could then have made and did make the questions which she now makes before me. She has not been deprived of any legal right to be heard, and her property has not been taken without due process of law.

For the reasons hereinabove stated, the appeal is dismissed, and the judgment of the recorder of the city court is affirmed.

*Mr. John W. Crews,* for appellant, cites: *Police power:* 53 S. C., 280; Const. S. C., 1895, Art. 8, Sec. 10; 1 Code, 1912, Sec. 2994; 24 A. & E. Enc. L. (2nd Ed.), 243. *Sewerage Commission and powers:* 1 Civ. Code, 1912, Secs. 3021-3024. *No hearing had before prosecution is denial of due process:* 289; 63 S. C., 425; 75 S. C., 455; 72 S. C., 90; 84 S. C., 279; 83 S. C., 272.

*Mr. C. S. Monteith,* for respondent, cites: *Board of Health had power:* 3 Code, 1922, Secs. 2336; 35 seq; 93 S. C., 553. *Requiring sewerage connection is within power:* 76 S. C., 128; 214 U. S., 138; 227 U. S., 303.

April 27, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Bonham, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Affirmed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.